VT SUPERIOR COURT
STATE OF VERMONT

**SUPERIOR COURT**
Washington Unit

**CIVIL DIVISION**
Docket No. 404-6-14 Wncv

WILLIAM MCLAUGHLIN
    Plaintiff

    v.

ANDREW PALLITO, Commissioner,
Vermont Department of Corrections
    Defendant

## DECISION
### Cross-Motions for Summary Judgment

Inmate William McLaughlin seeks Rule 75 review of his disciplinary conviction for a major A23 misuse of mail charge. He argues that the major version of this violation is no different from the minor version and thus the major version is unconstitutionally vague. He also argues that he was never charged with the major A23 violation, the lack of notice violates his due process rights, and the violation thus should be expunged. The State argues that there is no prejudice from any lack of notice and otherwise ample evidence at the hearing supports Mr. McLaughlin's conviction.

*Undisputed Facts*

Mr. McLaughlin originally was charged with introduction of a drug, buprenorphine, into the facility without a prescription. The charge stemmed from a corrections officer's observations of a phone call Mr. McLaughlin made to a girlfriend. During the call, Mr. McLaughlin began to speak a series of numbers. The officer interpreted the numbers, in context, to be an instruction to send buprenorphine strips to Mr. McLaughlin in an envelope packed in a certain way and stamped as legal mail. At some point shortly thereafter, Mr. McLaughlin received an envelope stamped as legal mail, packed as anticipated, with 6 buprenorphine strips included. The return address indicated that it was from a specific Bennington lawyer, who denied having sent it.

Much of the disciplinary hearing was devoted to Mr. McLaughlin sparring with the officer who heard and interpreted the phone call with the "code" language. Mr. McLaughlin did not then and does not now deny that he was speaking in code. He maintained at the hearing that the content of his encoded speech was innocuous and had nothing to do with sending drugs to him. There was no testimony by anyone at the hearing explaining how the code language works.

At the end of the hearing, the hearing officer stated, "The Hearing Officer is finding Inmate William McLaughlin guilty of alleged charge of A23, misuse of the mail . . . ." Transcript at 38. Mr. McLaughlin responded, "Misuse of mail?" *Id.* at 39. This was the first

time any such charge had been mentioned. The hearing officer appears to have determined that Mr. McLaughlin instructed his girlfriend to mark an envelope *legal mail* and to send it to him with a pocket affixed to a particular page that could be used to conceal buprenorphine strips. *Id.* at 38. There are no findings explaining why he was found guilty of that much but not the charge that actually was alleged, introducing drugs into the facility.

*Analysis*

There is no dispute that Mr. McLaughlin never received written notice of any charge for misusing the mail. There is no reasonable way to interpret the misuse of mail infraction as a lesser included offense within the scope of the possession or introduction of drugs infraction such that a charge of the latter could be interpreted to provide notice of the potential for a conviction of the former. Rather, the State simply argues that the lack of notice in this case warrants no relief because Mr. McLaughlin was not prejudiced by it. Mr. McLaughlin argues that there is no prejudice requirement and, as a matter of law, the violation requires expungement or a new hearing.

A prisoner accused of a disciplinary infraction is entitled to "advance written notice of the claimed violation" to ensure that he can "marshal the facts in his defense and to clarify what the charges are, in fact." *Wolff v. McDonnell,* 418 U.S. 539, 563, 564 (1974). A violation of one's due process rights, however, will not warrant relief absent a showing of prejudice. *King v. Gorczyk,* 2003 VT 34, ¶ 9, 175 Vt. 220; *State v. Mott,* 166 Vt. 188, 193 (1997); *State v. Hunt,* 150 Vt. 483, 489–90 (1988) (noting that constitutional violations are subject to the harmless error rule). Under this standard, the court may find an "error harmless only if we can state a belief that the error was harmless beyond a reasonable doubt." *State v. Jackowski,* 2006 VT 119, ¶ 8, 181 Vt. 73.

The State argues that Mr. McLaughlin's defense would have been no different if he had been given notice of the correct charge and thus there is no prejudice. That rationale is not persuasive in this case. While the deceptively labeled envelope was part of the evidentiary record, it was not a focus of attention at the hearing. The testimony focused squarely on the dispute over whether Mr. McLaughlin had been interpreted correctly insofar as he was alleged to have ordered buprenorphine from his girlfriend. The exchanges during the hearing between Mr. McLaughlin and the officer who listened to the disputed phone call, which consumed nearly the entire hearing, evidently persuaded the hearing officer that Mr. McLaughlin did not instruct his girlfriend to do that or at least that the evidence of having done so was too thin to support a conviction.

There was no focus on the legal mail stamp, and no discussion of a charge of misuse of mail. It was not mentioned until the announcement that Mr. McLaughlin was guilty of it. Thus he was unaware during the hearing that he could or should address it. The court cannot conclude the lack of notice of that charge was harmless beyond a reasonable doubt.

Because this conclusion on the due process issue requires that the conviction be vacated, the court does not need to address Mr. McLaughlin's vagueness argument.

2

## ORDER

For the foregoing reasons,

1. Mr. McLaughlin's motion for summary judgment is *granted*, and

2. The State's motion for summary judgment is *denied*.

3. The disciplinary conviction is vacated and this case is remanded for a new hearing upon proper notice of the A23 charge. If the DOC elects not to proceed with this matter, or if no A23 violation is found, Mr. McLaughlin's conviction shall be expunged from his record.

Dated at Montpelier, Vermont this 3rd day of September 2015.

*Mary Miles Teachout*
Mary Miles Teachout
Superior Judge